**United States District Court**
For the Northern District of California

1

2

3

4

5                          **NOT FOR PUBLICATION**

6                IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    ARCHIBALD CUNNINGHAM,                    No.  C 14-3033-JSW

10            Plaintiff,                       **ORDER GRANTING CITY AND**
                                               **COUNTY OF SAN FRANCISCO'S**
11       v.                                    **MOTION TO DISMISS**

12   MARIA SCHOPP, et al.                      **(Docket No. 13)**

13           Defendants.
     _____/
14

15          This matter comes before the Court on consideration of the motion to dismiss filed by

16   the City and County of San Francisco ("the City").  The Court has considered the parties'

17   papers, relevant legal authority, and the record in this case, and it finds the motion suitable for

18   disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The Court VACATES the

19   hearing scheduled for October 10, 2014, and it HEREBY GRANTS the City's motion.

20                              **BACKGROUND**

21          This lawsuit is the latest in a series of lawsuits filed by Plaintiff, Archibald Cunningham

22   ("Cunningham"), that arise out of a custody dispute with his ex-wife, Mary Wang ("Wang").

23   *See Cunningham v. Mahoney,* 10-cv-1182-JSW; *Cunningham v. Mahoney*, 10-cv-3211-JSW.

24          In brief, Cunningham claims that Wang, and her attorney, Maria Schopp ("Schopp"),

25   presented a proposed order to Judge Patrick Mahoney ("Judge Mahoney"), which terminated a

26   joint custody arrangement.  Cunningham alleges that he did not receive an opportunity to

27   submit his own proposed order or to challenge the proposed order Schopp submitted to Judge

28   Mahoney.  (Compl. Introduction at 2:11-2, ¶¶ 6, 25.)  Cunningham has been unsuccessful in his

1    efforts to overturn that order and also has been unsuccessful in his efforts to regain join custody

2    or visits with his daughter.

3        Cunningham also has been declared a vexatious litigant in state court and he contends

4    that this has deprived him meaningful access to the courts in his custody proceedings.  (*See*

5    *generally* Compl. ¶¶ 53-79.)  Cunningham also raises challenges to a case resolution program

6    that was instituted in the family law division of San Francisco Superior Court.  (*Id.* ¶¶ 133-175.)

7    In addition, Cunningham filed lawsuit in San Francisco Superior Court, in which he asserted

8    many of the same claims he asserts in this case (the "State Court Litigation").  During the

9    course of that litigation, he was required to post security as a result of his status as a vexatious

10   litigant.  Cunningham argues that he was represented by counsel in his civil rights case and

11   argues that the security requirement violates his constitutional rights.  (*See, e.g., id.* ¶¶ 80-116.)

12       Cunningham asserts a number of claims for alleged violations of his constitutional rights

13   against Judge Mahoney and other San Francisco Superior Court judges (the "Judicial

14   Defendants"), Justice Stewart R. Pollak of the First District Court of Appeals, and California

15   Supreme Court Chief Justice Tani Gorre Cantil-Sakauye, Ms. Wang, Ms. Schopp. and they

16   City.

17                                          **ANALYSIS**

18       The City moves to dismiss the claims asserted against it, because Cunningham does not

19   include allegations against City employees, other than members of the City Attorneys' office

20   who defended the State Court Litigation.  Cunningham concedes that the Judicial Defendants

21   are not City employees.  Although he argues he should be granted leave to amend to include

22   allegations that the Judicial Defendants receive supplemental salaries from the City,

23   Cunningham has not shown he has a good faith basis to assert that the Judicial Defendants are

24   City employees.  Accordingly, the Court GRANTS, IN PART, the City's motion on this basis.

25       With respect to Cunningham's Section 1983 claims, the City's liability is premised on

26   *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  In order to state any of his Section 1983

27   claim against the City, Cunningham must show "(1) that he possessed a constitutional right of

28   which he was deprived; (2) that the [City] had a policy; (3) that the policy 'amounts to

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    deliberate indifference' to [Cunningham's] constitutional right; and (4) that the policy is the

2    'moving force behind the constitutional violation.'" *Anderson v. Warner*, 451 F.3d 1063, 1070

3    (9th Cir. 2006) (quoting *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir.1992) (in turn quoting

4    *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).  "There also must be a 'direct causal

5    link' between the policy or custom and the injury," and Cunningham "must be able to

6    demonstrate that the injury resulted from a 'permanent and well settled practice.'"  (*Id.* (quoting

7    *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (internal quotations omitted)).

8        The Court has carefully considered the allegations in Cunningham's complaint, and it

9    concludes that he fails to allege any facts showing that any of the alleged constitutional

10    violations resulted from a City custom or policy.  In his opposition and sur-reply, Cunningham

11    argues he should be permitted to add claims based on attempts to enforce a judgment lien.  The

12    Court concludes that it would be futile to permit him to amend to include such claims.

13    Accordingly, the Court grants the motion to dismiss for this reason as well.

14        Finally, the City moves to dismiss the state law claims on the basis that Cunningham

15    failed to comply with the claims presentation requirement.  A party cannot file an action for

16    money or damages against a local public agency until a written claim has been filed with and

17    rejected by the defendant agency.  *See* Cal. Gov't Code §§ 905, 945.4, 950.2; *City of San Jose

18    v. Superior Court*, 12 Cal. 3d 447, 454 (1974).  These claim presentation requirements are a

19    condition precedent to maintaining an action against local public entities and "failure to file a

20    claim is fatal to the cause of action."  *City of San Jose*, 12 Cal. 3d at 454; *Karim-Panahi v. L.A.

21    Police Dep't,* 839 F.2d 621, 627 (9th Cir. 1988).  Cunningham fails to allege that he complied

22    with the claims presentation requirement.  Accordingly, the Court grants the motion to dismiss

23    on this basis as well.[1]

24    //

25    //

26    //

27

28

---

[1]    In light of these rulings, the Court does not reach the City's argument that Cunningham's claims are barred by the statute of limitations.

1    //

2                                   **CONCLUSION**

3          For the foregoing reasons, the City's motion to dismiss is GRANTED, and the claims

4    asserted against it are DISMISSED, WITH PREJUDICE.  The Court finds there is no just

5    reason to delay entry of judgment against the City.  Accordingly, the Court shall enter a partial

6    judgment pursuant to Federal Rule of Civil Procedure 54(b).

7          **IT IS SO ORDERED.**

8    Dated: September 12, 2014

9                                                              JEFFREY S. WHITE
                                                            UNITED STATES DISTRICT JUDGE