IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ARCHIBALD CUNNINGHAM, | No. C 14-03033 JSW |
|---|---|
| Plaintiff, | **ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND ORDER TO PLAINTIFF TO SHOW CAUSE** |
| v. | |
| MARIA SCHOPP, et al., | |
| Defendants. | |

The Court has received and considered Plaintiff's case management statement, and the case management statement filed by Defendants Maria Schopp and Mary Wang. In light of the pending motion to dismiss, the Court CONTINUES the case management conference scheduled for October 31, 2014 at 11:00 a.m. to December 19, 2014 at 11:00 a.m. The parties shall submit revised joint case management conference statements by no later than December 12, 2014.

In his case management statement, Plaintiff asserts that he has attempted service on the judicial defendants and that he will also seek to amend his complaint to add another judicial defendant. Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Based on the date Plaintiff filed his complaint, the last day to effect service on the named defendants is October 30, 2014. Accordingly, Plaintiff is HEREBY ORDERED TO SHOW CAUSE as to why the Court should grant an extension of time to serve the defendants Plaintiff

has not yet served.  Plaintiff has sued a number of judicial defendants.  The Court previously granted motions to dismiss against many, but not all, of these same defendants, based on the doctrine of judicial immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the act he took was in error, was done maliciously, or was in excess of his authority."); *see also Mireless v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id*. (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)).  A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature." *Id*. (internal citation omitted).

An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity.  *See Stump*, 435 U.S. at 362.  To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (citation omitted).

In his response to this Order to Show Cause, Plaintiff shall describe the efforts made to serve each of the named defendants who have not yet appeared.  He shall also address why his claims against judicial defendants would not be barred by the doctrine of judicial immunity. Plaintiff's response to this Order to Show Cause shall be due by November 7, 2014, and shall not exceed 10 pages in length.  If Plaintiff requires additional pages to response, he shall file a request to exceed these page limitations showing good cause for his request by October 31, 2014.

**IT IS SO ORDERED.**

Dated: October 27, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE