**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIBALD CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARIA SCHOPP, et al.<br><br>　　　　Defendants. | No.  C 14-3033-JSW<br><br>**ORDER RESOLVING MOTIONS AND DISMISSING CLAIMS**<br><br>**(Docket Nos. 50, 51)** |

This matter comes before the Court upon consideration of the motion to quash service and to dismiss the Complaint, filed by Defendants Judge Patrick J. Mahoney ("Judge Mahoney"), Judge Leslie Nichols ("Judge Nichols"), Justice Stuart Pollak ("Justice Pollak"), Judge Julie Tang ("Judge Tang"), Judge Harold Kahn ("Judge Kahn") (collectively "the Judicial Defendants"). Judge Cynthia Ming-mei Lee ("Judge Lee") and Judge Charlotte Woolard ("Judge Woolard") also are parties to that motion. However, the Court does not include these Judges within the term "Judicial Defendants."

This matter also comes before the Court upon consideration of the motion for leave to file a first amended complaint, filed by Plaintiff, Archibald Cunningham ("Mr. Cunningham"). In addition to the Judicial Defendants, Judge Lee, and Judge Woolard, Mr. Cunningham names Maria Schopp ("Ms. Schopp"), Mary Wang ("Ms. Wang"), and California Supreme Court Chief Justice Tani Cantil-Sakauye ("Chief Justice Cantil-Sakauye") as defendants in the original complaint and in his proposed first amended complaint ("Proposed FAC"). Mr. Cunningham also seeks to add Judge Anne-Christine Massullo ("Judge Massullo") as a defendant.

The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motions suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for January 16, 2015. The Court GRANTS, IN PART, AND DENIES, IN PART the motion to quash.[1] The Court GRANTS the Judicial Defendants' motion to dismiss the original complaint. The Court *sua sponte* dismisses claims in the original complaint against Ms. Schopp, Ms. Wang, Chief Justice Cantil-Sakauye, and Judge Woolard. The Court DENIES Mr. Cunningham's motion for leave to amend.

## BACKGROUND

**A.  Procedural History.**

Mr. Cunningham filed the Complaint in this matter on July 2, 2014, and in September 2014, the case was reassigned to this Court, on the basis that it was related to *Cunningham v. Mahoney,* 10-CV-1182-JSW, *Cunningham v. Mahoney*, 10-CV-3211-JSW, and *Pierce v. Cantil-Sakauye*, 13-CV-1295-JSW. Thereafter, defendant, the City and County of San Francisco (the "City") re-noticed a motion to dismiss, which it filed before the case was reassigned to this Court, and which was ripe for decision. On September 12, 2014, the Court granted that motion, and it dismissed the City with prejudice. (Docket No. 35.)

On October 21, 2014, Ms. Wang and Ms. Schopp filed a motion to dismiss. (Docket No. 37.) On October 27, 2014, the Court continued a case management conference, in light of that motion and because it was not clear that Mr. Cunningham had served all of the defendants. Because the time for service required by Federal Rule of Civil Procedure 4(m) was about to

---

[1]  On December 21, 2014, Mr. Cunningham filed a document entitled "Plaintiff's Objection to Reply Evidence Pursuant to Local Rule 7.3(d)(2)," in which he purports to object to evidence submitted by the Judicial Defendants with their reply brief. (Docket No. 60.) The Judicial Defendants and Judges Lee and Woolard did not submit any evidence with their reply brief. Further, upon review of Mr. Cunningham's "objection," the Court finds that it the objection is properly characterized as a sur-reply. However, Mr. Cunningham did not seek leave of Court to file a sur-reply.

Although Mr. Cunningham is proceeding *pro se*, he is an attorney. Moreover, notwithstanding his *pro se* status, he is expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and this Court's standing orders. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (noting that *pro se* litigants are bound by the rules of procedure), *cert denied,* 516 U.S. 838 (1995); Civil L.R. 3-9(a). Accordingly, the Court STRIKES Mr. Cunningham's objection as an unauthorized sur-reply, and it has not considered the arguments therein.

2

1  expire, the Court directed Mr. Cunningham to show cause as to why he should be granted an
2  extension of time to effect service. (Docket No. 41.)[2]
3  On October 29, 2014, Mr. Cunningham filed three proofs of service, and he filed a
4  formal response to the Court's Order to Show Cause on November 2, 2014. (Docket Nos. 42-
5  44, 45.) On November 3, 2014, the Court discharged the Order to Show Cause, but it did not
6  opine on the validity of service or on the merits of Mr. Cunningham's claims. (Docket No. 46.)[3]
7  On November 4, 2014, Mr. Cunningham filed his motion for leave to file an amended
8  complaint. (Docket Nos. 48, 50.) On November 18, 2014, the Judicial Defendants, Judge
9  Woolard, and Judge Lee filed the motion to quash and to dismiss. (Docket No. 51.)
10  Because none of the defendants filed an opposition to Mr. Cunningham's motion for
11  leave to amend, on November 19, 2014, the Court issued an Order setting briefing schedules on
12  both motions and setting a consolidated hearing date. (Docket No. 55.)

**B.  Factual Background.**

This lawsuit is the latest in a series of lawsuits Mr. Cunningham has filed that arise out of a custody dispute Ms. Wang, his ex-wife. Those proceedings were instituted in the Family Law Division of San Francisco Superior Court (the "Family Court"), and Ms. Schopp has represented Ms. Wang in those proceedings. In this most recent case, Mr. Cunningham alleges that Ms. Wang, through Ms. Schopp, presented a proposed order to Judge Mahoney, which terminated a joint custody arrangement. Mr. Cunningham alleges that Ms. Schopp falsely suggested he had approved the proposed order, when in fact he had not. Mr. Cunningham also alleges that he did not receive an opportunity to submit his own proposed order or to challenge

---

[2] Ms. Wang and Ms. Schopp also joined in the City's motion to dismiss, but the Court denied that joinder without prejudice to filing a proper motion to dismiss. (Docket Nos. 30, 34.) When the Court denied the joinder, it overlooked the fact that Ms. Wang and Ms. Schopp filed an Answer on July 22, 2014. (Docket No. 7.) Accordingly, the Court struck the motion to dismiss filed by Ms. Wang and Ms. Schopp from the record. In that same Order, the Court directed Mr. Cunningham to file the motion for leave to amend, which is now pending before the Court. (Docket No. 47.)

[3] In addition to the Judicial Defendants, Mr. Cunningham named Pat Kilkenny and T. Michael Yuen as defendants. However, because he did not show that he had made any efforts to serve them, the Court dismissed the claims against those defendants without prejudice. (Docket No. 46.)

3

United States District Court
For the Northern District of California

1  the proposed order, in violation of California Rules of Court and the Superior Court's local
2  rules. (Compl., Introduction at 2:11-2, ¶¶ 6, 25, 178, Ex. A.) According to Mr. Cunningham,
3  Judges Woolard and Tang also have presided over the custody dispute. (*Id.* ¶¶ 14, 38; Docket
4  No. 5, Plaintiff's Request for Judicial Notice ("RJN"), Ex. L.)

5  Mr. Cunningham alleges that the order issued by Judge Mahoney is null and void,
6  because it is fraudulent, and he contends that the each of the Defendants in this case have
7  prevented him from challenging that order and have prevented him from regaining joint custody
8  and visitation rights. (*See generally id.* ¶¶ 14, 21-52.)

9  Mr. Cunningham has been declared a vexatious litigant in state courts, and he contends
10 that the Defendants have used the VLS to deprive him meaningful access to the courts, both in
11 civil suits and in the custody proceedings. (*See generally* Compl. ¶¶ 53-79.) Mr. Cunningham
12 alleges that Judge Kahn is the "acting Presiding Judge in charge of Plaintiff's requests to file
13 'new litigation' as a vexatious litigant." According to Mr. Cunningham, on September 14,
14 2012, Judge Kahn denied Plaintiff's request for a hearing relating to the termination of his
15 parental rights, because Mr. Cunningham had not shown that there were changed circumstances,
16 as was required by an Order issued by Judge Mahoney in May 2012.[4] (*Id.* ¶¶ 15, 21, Exs. O,
17 Q.) Mr. Cunningham also raises challenges to the Family Court's "Family Centered Case
18 Resolution Program" ("CRP"), which has been instituted pursuant to California Family Code
19 sections 2450 and 2451, and California Rules of Court, Rule 5.83. Mr. Cunningham alleges
20 that Judge Woolard was the supervising judge of the Family Court and had "supervisory
21 control" over that court, including how the CRP was implemented. (*Id.* ¶¶ 13, 133-175.)
22 According to Mr. Cunningham, Judge Woolard failed to properly implement that program and
23 that the CRP has been used improperly to prevent him from obtaining a hearing to restore his
24 visitation rights. (*Id.* ¶ 13.)

25 Mr. Cunningham also alleges that he filed a civil suit in San Francisco Superior Court,
26 in which he asserted claims under Section 1983 ("the Civil Suit"). Mr. Cunningham alleges that

---

28  [4] Mr. Cunningham alleges his parental rights have been terminated. He appears to use this phrase to describe the fact that he no longer has custody of his daughter and has no visitation rights.

4

Judge Lee issued a tentative ruling that required him to appear for a hearing to determine the amount of security that should be posted, as a result of his status as a vexatious litigant. (Compl. ¶ 10.) Mr. Cunningham alleges that Judge Nichols subsequently required Mr. Cunningham to post $750,000 as security to pursue the Civil Suit and dismissed the Civil Suit when Mr. Cunningham failed to post security. (*Id.*, ¶ 9.) Mr. Cunningham argues that Judge Nichols should not have imposed the security requirement, because he was represented by counsel, and alleges that the security requirement violates a number of his constitutional rights. (*See, e.g., id.* ¶¶ 9, 80-116.) Mr. Cunningham appealed the dismissal of the Civil Suit, and he alleges that Justice Pollak improperly dismissed Mr. Cunningham's appeal. (*Id.* ¶ 11, 117-132.)

Based on these, and other allegations that the Court shall detail as necessary, Mr. Cunningham asserts claims for relief pursuant to 42 U.S.C. Section 1983 and various state law claims.[5] In his Proposed FAC, Mr. Cunningham: includes most of his original claims and purports to clarify the allegations in support of those claims; adds another Section 1983 claim, based on alleged violations of California Penal Code section 182; seeks to add Judge Massullo as a defendant; and modifies his prayer for relief.

**ANALYSIS**

Because the issue of service is a threshold issue, the Court addresses the motion to quash service in the first instance. The Court then addresses the claims at issue in the original complaint and whether the Court should dismiss that complaint, based on arguments raised by the Judicial Defendants and Judge Woolard, and on the Court's own motion. The Court then will turn to whether it should grant Mr. Cunningham leave to file an amended complaint.

**A.  Applicable Legal Standards.**

  **1.  Service.**

The Judicial Defendants move to quash service, pursuant to Federal Rule of Civil Procedure 12(b)(5). Federal courts cannot exercise personal jurisdiction over a defendant

---

[5] Mr. Cunningham asserts separate causes of action for injunctive relief and declaratory relief in his original complaint, and he combines those causes of action in his Proposed FAC. Because those claims are dependent upon his Section 1983 and state law claims, for the reasons set forth in the remainder of this Order, the Court DISMISSES the claims for injunctive relief and declaratory relief.

5

without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987). To determine whether service of process was proper, courts look to the requirements of Federal Rule of Civil Procedure 4 ("Rule 4").

### 2. Dismissal.

The Judicial Defendants and Judge Woolard do not refer to Rule 12(b)(1), which permits a court to dismiss for lack of subject matter jurisdiction. However, they move to dismiss on the basis that Mr. Cunningham's claims are barred by the *Rooker-Feldman* doctrine, which implicates this Court's jurisdiction. *See Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004) ("*Strankman*"). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a defendant raises a facial challenge to subject matter jurisdiction, as is the case here, a court "must accept as true all material allegations in the complaint, and must construe the complaint in" a plaintiffs' favor. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010).

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

6

(quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).  However, documents subject to judicial notice may be considered on a motion to dismiss.  In doing so, the Court does not convert a motion to dismiss to one for summary judgment.  *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Finally, "[a] trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim."  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (internal quotations and citations omitted).  Although the court generally must "give notice of its intention to dismiss and give the plaintiff some opportunity to response," that is not the case if a plaintiff "cannot possibly win relief."  *Id.*

**B.     The Motion to Quash.**

Service on individuals is governed by Rule 4(e), which provides that "[u]nless federal law provides otherwise, an individual" may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . . ."  Fed. R. Civ. P. 4(e)(1).[6]  Alternatively, service may be made by: personally serving the defendant with a copy of the summons and complaint;

---

[6] Under California law, a plaintiff may effect service on a defendant by "leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof[.]" Cal. Code Civ. P. § 415.20. In addition, the plaintiff must mail "a copy of the summons and complaint by first class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Id.* There is no evidence in the record that Mr. Cunningham complied with the mailing requirement. Thus, he cannot rely on Section 415.20 to show he served the Defendants.

7

leaving a copy of the summons and complaint at "the individual's dwelling place or usual place of abode with someone of suitable age and discretion who resides there;" or delivering a copy of the summons and complaint to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C).

There is no evidence in the record that Mr. Cunningham filed a proof of service for Judge Lee, and she is not named in the caption of the summons. Because the time to serve Judge Lee has expired under Rule 4(m), and because Mr. Cunningham has not shown good cause to extend the time to serve Judge Lee, the Court GRANTS, IN PART, the motion to quash on this basis. Even if Mr. Cunningham had properly served Judge Lee, the Court would dismiss the claims against her, and would not grant him leave to amend, for the reasons it grants the Judicial Defendants' motion to dismiss and denies the motion for leave to amend.

It is undisputed that Mr. Cunningham did not effect personal service on any of the Judicial Defendants or on Judge Woolard. Based on his proofs of service, Mr. Cunningham appeared to rely on the provisions of Rule 4(e)(2)(C) to show that service was proper. (*See, e.g.,* Docket No. 42, Proof of Service stating that summons served on "Elina Leino, who is designated by law to accept service of process on Judges Mahoney, Kahn, Tang, Nichols, Woolard"). In his opposition brief, Mr. Cunningham relies on California Government Code section 955.9, which specifies how a summons should be served in actions involving claims against a judicial branch entity.

The Judicial Defendants and Judge Woolard do not argue that Mr. Cunningham purportedly served individuals who were not authorized to accept service on their behalf. Rather, they argue the Court must quash service, because Mr. Cunningham failed to comply with Rule 4(b)(1), which requires that "[a] summons must . . . be directed to the defendant."[7] The record shows that the summons was directed to "Judicial Defendants" as a group, and it did not include the names of each and every party to the case in the caption. There also is no evidence that Mr. Cunningham obtained a summons for each Defendant. (*See* Docket Nos. 42-

---

[7] They also argue that Mr. Cunningham failed to comply with California Code of Civil Procedure section 412.20(a)(2), which has a similar requirement.

8

44; Docket No. 52, Declaration of Susan Graham, ¶¶ 1-3, Exs. A-B; Docket No. 53, Declaration of T. Michael Yuen, ¶¶ 1-3, Exs. A-B.)

A plaintiff may include multiple defendants in a single summons, but each of the defendants must be named in the caption of the summons. In addition, the plaintiff must serve each defendant with a copy of the summons. *Cf. Matthews Metals Products, Inc. v. RBM Precision Metals Products, Inc.*, 186 F.R.D. 581, 582 (N.D. cal. 1999) (finding summons defective where it did not clearly indicate defendant was sued in individual capacity); *see also* William W. Schwarzer, A. Wallace Tashima, James M. Wagstaffe, *California Practice Guide: Civil Procedure Before Trial*, ¶¶ 5:53-5:55, 5:60-61 at 5:17-19 (The Rutter Group 2009). That did not happen in this case, and the Court finds that the summons were defective in form. However,

> Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. . . . Even if the summons fails to name all of the defendants, . . . dismissal is generally not justified absent a showing of prejudice. . . . For this reason, a defendant's answer and appearance in an action should be enough to prevent any technical error in form from invalidating the process.

*United Food & Commercial Worker's Union v. Alpha Beta, Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (internal citations and quotations omitted).

The Judicial Defendants and Judge Woolard received notice of this lawsuit and filed the motion to quash and to dismiss and filed an opposition to Mr. Cunningham's motion for leave to amend. In addition, apart from the fact that they might be required to litigate this case, they have not articulated any other form of prejudice.

Accordingly, the Court concludes that dismissal based on the defective form of the summons is not warranted, and the Court DENIES, IN PART, the motion to quash on that basis.

//
//
//
//
//

9

**C.  The Claims against the Judicial Defendants and Judge Woolard.**[8]

    **1.  Judicial Immunity.**

Mr. Cunningham has sued the Judicial Defendants and Judge Woolard in both their individual and official capacities. (*See* Compl. ¶¶ 8-9, 13-15.) The Judicial Defendants and Judge Woolard move to dismiss on the basis that Mr. Cunningham's claims are barred by the doctrine of judicial immunity. A judge is absolutely immune from a claim for damages under Section 1983. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the act he took was in error, was done maliciously, or was in excess of his authority."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Ashelman*, 793 F.2d at 1075 (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)).

A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature." *Id.* (internal citation omitted). An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *See Stump*, 435 U.S. at 362. To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (citation omitted).

Mr. Cunningham argues that his allegations show that the doctrine of judicial immunity does not apply to the facts set forth in the Complaint and that at least some of the acts are administrative in nature. The Court has reviewed those allegations, and it concludes that each of the four factors set forth above demonstrates that Cunningham's allegations against the

---

[8] The Judicial Defendants and Judge Woolard have raised a number of arguments in support of their motion to dismiss. The Court only addresses the arguments that it finds dispositive.

10

Judicial Defendants and Judge Woolard arise from judicial acts that occurred during the course of the custody proceedings, the Civil Suit, and appellate proceedings.

Mr. Cunningham also argues that Judges Mahoney and Tang engaged in criminal acts or acted in excess of all jurisdiction, because they issued orders that violated both the Superior Court's local rules and California Rules of Court, and because the CRP program was not fully implemented. The Court finds this argument unpersuasive. In essence, Mr. Cunningham's argument amounts to nothing more than an argument that these rulings were legally erroneous. In addition, his other assertions that the Judicial Defendants and Judge Woolard acted in excess of their jurisdiction are no more than unsupported legal conclusions couched as fact.

Accordingly, the Court GRANTS, IN PART, the motion to dismiss on this basis.

Mr. Cunningham also seeks prospective injunctive relief. (*See* Compl., Prayer for Relief, ¶¶ 1-2, 7.) The Judicial Defendants and Judge Woolard argue that such claims also are barred by the doctrine of judicial immunity. In *Pulliam v. Allen*, the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in [his or her] official capacity." 466 U.S. 522, 541-42 (1984). Congress subsequently amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." (emphasis added). In addition, principles of comity may counsel against the issuance of injunction. *Id.*

Mr. Cunningham does not allege that any of the Judicial Defendants violated a declaratory decree, and he has not alleged that declaratory relief is unavailable. Thus, the Court grants the motion to dismiss for this reason as well. Even if the doctrine of judicial immunity would not bar claims seeking prospective injunctive relief, the Court grants the motion to dismiss for the reasons set forth in the following sections.

### 2.    Proper Persons to Defend a Section 1983 Claim.

Mr. Cunningham brings the majority of his claims pursuant to Section 1983, and he argues that, for various reasons, the VLS and the CRP are unconstitutional on their face or in the manner in which they have been applied to him. When a party challenges the

11

constitutionality of a state statute, a judicial defendant acting in his or her capacity as an adjudicator is not a proper defendant. *See Strankman*, 392 F.3d at 366; *Rupert v. Jones*, 2010 WL 3833982, at *5 (N.D. Cal. Sept. 29, 2010). In *Strankman*, the Ninth Circuit reasoned that "'a court should not enjoin judges from applying statutes when complete relief can be afforded' by enjoining other parties, because 'it is ordinarily presumed that judges will comply with a declaration of a statute's unconstitutionality without further compulsion.'" *Strankman,* 392 F.3d at 366 (quoting *In re the Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17, 23 (1st Cir. 1982)). The court, therefore, dismissed the plaintiff's claims against a number of judicial defendants.

The Court finds *Strankman* on point. The Court has reviewed the allegations in the Complaint and, even when the Court construes those allegations liberally, the allegations relate to the manner in which Judges Mahoney, Tang, Kahn, and Nichols and Justice Pollak applied the VLS in their capacities as adjudicators. In addition, at least some of the claims against Judge Woolard are based on actions in her as an adjudicator. However, Mr. Cunningham named Judge Woolard in her administrative capacity as Supervising Judge of the Family Court. He also named Chief Justice Cantil-Sakauye as a defendant, in her capacity as Chair of the Judicial Council. Thus, if he is able to state a claim against either of those defendants, he could obtain complete relief on his Section 1983 claims. *Strankman*, 392 F.3d at 358; *see also Rupert*, 2010 WL 3833982, at * 5 (dismissing claims challenging constitutionality of state statutes against judicial defendants where plaintiffs claims against them pertained solely to their roles as adjudicators, not administrators).

Accordingly, the Court concludes that the Judicial Defendants are not proper defendants to the Section 1983 claims. The same is true as to Judge Woolard for those actions taken in her adjudicative capacity. However, Judge Woolard would be a proper defendant to the extent she is named in her capacity as administrator.

Accordingly, the GRANTS, IN PART, AND DENIES, IN PART the motion to dismiss on this basis as well.

//

12

### 3. *Rooker-Feldman* and Abstention Doctrines.

Although Mr. Cunningham includes every defendant in the title to each cause of action, Mr. Cunningham has not alleged that Judge Woolard took any actions against him that pertain to the application of the VLS. Rather, his claims against her are based on the application and implementation of the CRP. Although Judge Woolard would be a proper defendant to defend Mr. Cunningham's Section 1983 claims regarding the CRP, the Court finds that those claims should be dismissed.[9]

First, the Court concludes that the claims would be barred under the *Rooker-Feldman* doctrine, which provides that district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings. *See, e.g., District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 487-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). In addition, where "the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined." *Id.* (citations omitted).

Notwithstanding Mr. Cunningham's assertion to the contrary, the facts set forth in support of his claims regarding the CRP demonstrate that the issues are inextricably intertwined with state court decisions and, in effect, Mr. Cunningham seeks a review of those decisions. Accordingly, dismissal of the claims against the Judge Woolard is appropriate on this basis as well.

Second, and assuming the Court has jurisdiction over these claims, the Court finds it appropriate to abstain from adjudicating the claims relating to the CRP. *Younger v. Harris*, 401 U.S. 37 (1971). Mr. Cunningham has not alleged that the custody dispute has been closed, and

---

[9] Mr. Cunningham does not allege or argue that Family Code sections 2450 or 2451 are unconstitutional. He also has not alleged or asserted that California Rules of Court, Rule 5.83 is unconstitutional. His challenges relate solely to the Family Court's CRP.

13

his Proposed FAC suggests otherwise. In *Younger*, the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *H.C. v. Koppel,* 203 F.3d 610, 613 (9th Cir.2000) (internal quotations omitted). "Abstention is required when: '(i) the state proceedings are ongoing; (ii) the proceedings implicate important state interests; and (iii) the state proceedings provide an adequate opportunity to raise federal questions.'" *Delta Dental Plan of California, Inc. v. Mendoza*, 139 F.3d 1289, 1294 (9th Cir. 1998) (internal citations and quotations omitted). The Court finds that all three prongs of the *Younger* test are satisfied here. Finally, to the extent Mr. Cunningham asks this Court to require the Family Court to revamp its CRP, the Court also would abstain from adjudicating this matter, on the basis that the relief he seeks would require the Court to essentially audit family law proceedings that have been assigned to the CRP. Federal courts "should be very reluctant to grant relief that would entail heavy federal interference in such sensitive state activities as administration of the judicial system." *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992) (citing *O'Shea v. Littleton*, 418 U.S. 488, 500 (1974); *cf. E.T. v. Cantil-Sakauye*, 682 F.3d 1121, 1124-25 (9th Cir. 2012).

Accordingly, for these additional reasons, the Court GRANTS, IN PART, the motion to dismiss the claims against Judge Woolard.

**D.      The Claims Against Chief Justice Cantil-Sakauye, Ms. Wang, and Ms. Schopp.**

The Court also finds that it is appropriate to dismiss the claims asserted in the original complaint against Chief Justice Cantil-Sakauye, Ms. Wang and Ms. Schopp. For the reasons set forth in the remainder of this Order, the Court finds that Mr. Cunningham could not "possibly win relief" against those defendants. *See Sparling*, 864 F.2d at 638.[10]

//

//

//

---

[10] It is undisputed that Mr. Cunningham received notice and an opportunity to be heard on whether he should be permitted to file an amended complaint, and he has responded to the Judicial Defendants' arguments against amendment. Mr. Cunningham also previously filed an opposition to Ms. Wang's and Ms. Schopp's joinder in the City's motion to dismiss, which addressed the Section 1983 claims. (*See* Docket No. 33.)

14

### 1. Chief Justice Cantil-Sakauye.[11]

Chief Justice Cantil-Sakauye is named in her capacity as Chair of the Judicial Council. Thus, she would be a proper defendant to defend against Mr. Cunningham's claims relating to the constitutionality of the VLS. However, the Court the Court finds Mr. Cunningham could not possibly win relief, based on the Ninth Circuit's holding in *Wolfe v. George*, 486 F.3d 1120 (9th Cir. 2007), and based on his prior litigation.[12] *See, e.g., Cunningham v. McKay*, 2014 WL 129645, at *4-*5 (N.D. Cal. Jan. 14, 2014) (dismissing claims relating to VLS as it has been applied to represented litigants); *Pierce v. Cantil-Sakauye*, 2013 WL 4382735, at *4 (N.D. Cal. Aug. 13) (dismissing claims brought by Mr. Cunningham, in which he argued that the VLS is unconstitutional as it has been applied to unrepresented litigants in family law proceedings); *see also Cunningham v. Coombs*, 2013 WL 5763027 (Cal. App. Oct. 24, 2013).

Accordingly, the Court *sua sponte* DISMISSES the claims against Chief Justice Cantil-Sakauye.

### 2. Ms. Schopp and Ms. Wang.

To the extent Mr. Cunningham intended to assert any Section 1983 Claims against Ms. Wang and Ms. Schopp, who are private parties, the Court concludes that Mr. Cunningham fails to allege facts that show they are "state actors." *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

In addition, to the extent he asserts his Bane Act claims against Ms. Schopp and Ms. Wang, he fails to allege facts that are sufficient to show the requisite threat, intimidation or

---

[11] In a footnote in their opposition to Mr. Cunningham's motion for leave to amend, the Judicial Defendants argue that the Court should quash service and dismiss the claims against Justice Cantil-Sakauye for the reasons set forth in their motion to quash. The summons issued to Chief Justice Cantil-Sakauye suffers from the same defects identified in this Order. However, the Court declines to dismiss the claims against Chief-Justice Cantil-Sakauye on that basis.

[12] Collateral estoppel, or issue preclusion, bars "relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Shaw v. Hahn*, 56 F.3d 1128, 1131 (9th Cir. 1995). Collateral estoppel will apply where "the issue at stake [is] identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in the earlier action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992); *accord Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008).

15

1  coercion. *See, e.g., Jones v. Kmart Corp.*, 17 Cal. 4th 329, 338 (1998) *Austin B. v. Escondido*
2  *School Dist.*, 149 Cal. App. 4th 860, 882 (2007).[13]

3  Finally, the Court also dismisses the claims for fraud and deceit and intentional
4  infliction of emotional distress, because the allegations show that they would be barred by the
5  applicable statutes of limitations. Cal. Code Civ. P. §§ 335.1, 338(d).

**E.    The Court Denies the Motion for Leave to Amend.**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of right any time before a responsive pleading has been served. Once a responsive pleading has been served, however, the amendment requires written consent of the adverse party or leave of the court, and leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a). "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citation omitted).

The Court considers four factors to determine whether leave to amend should be granted: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialisyst West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). However, the Court is not required to give each factor equal weight. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

The Court finds that Mr. Cunningham has not unduly delayed in seeking leave to amend in this case. Further, although Mr. Cunningham has not been successful in pursuing his claims in federal court, the Court cannot *yet* find that he acted in bad faith or with a dilatory motive in pursuing this litigation or by seeking leave to amend. The Court finds that resolution of the motion depends on whether leave to amend would be futile, which "can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845. The Court has reviewed the allegations in the Proposed FAC, and for each of the reasons set forth above, and because Mr.

---

[13]    This ruling applies to any Defendant who would be a proper party to the Bane Act claims.

16

1  Cunningham has not alleged any facts to show the statute of limitations on the fraud claims
2  should be tolled, the Court finds that it would be futile to grant Mr. Cunningham leave to amend
3  the claims against any of the Defendants.
4      Accordingly, the Court DENIES Mr. Cunningham's motion for leave to file the
5  amended complaint.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART, the motion to quash, GRANTS the motion to dismiss, *sua sponte* DISMISSES the claims in the original complaint against Chief Justice Cantil-Sakauye, Ms. Schopp and Ms. Wang, and DENIES Mr. Cunningham leave to file an amended complaint against any of the defendants. Accordingly, the Court DISMISSES this case with prejudice and it shall issue a separate judgment. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 15, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE